# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES LANDMESSER, JR., a resident of Silver Spring, Maryland,<br><br>                      Plaintiff,<br>v.<br><br>BAYER CORPORATION, an Indiana corporation, successor to CUTTER BIOLOGICAL, a California Corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; ARMOUR PHARMACEUTICAL COMPANY, INC., a Delaware corporation; and ALPHA THERAPEUTIC CORPORATION, a California corporation,<br><br>                      Defendants. | CASE NO.: AW 08-1280<br><br>**STIPULATION TO STAY PROCEEDINGS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

IT IS HEREBY STIPULATED by and between counsel of record for Plaintiff JAMES LANDMESSER, JR. ("Plaintiff"), and Defendants BAYER CORPORATION, BAXTER HEALTHCARE CORPORATION, ARMOUR PHARMACEUTICAL COMPANY, and ALPHA THERAPEUTIC CORPORATION ("Defendants"), in the action entitled *Landmesser v. Bayer Corporation, et al.* (AW 08-1280), currently pending in this Court, that all proceedings in the District of Maryland shall be stayed until the Judicial Panel on Multidistrict Litigation (hereinafter "the Panel") completes the process for transferring this case to MDL-986, currently pending before The Honorable John F. Grady in the Northern District of Illinois.

STIPULATION TO STAY PROCEEDINGS
CASE NO. AW 08-1280

The transfer process was initiated by the issuance by the Panel of a Conditional Transfer Order on June 10, 2008 (a copy of which is attached hereto). Plaintiff will not oppose transfer. Under the Panel's procedures, if no opposition is received by June 25, 2008, the transfer order will be sent by the Panel to the Clerk of the Northern District of Illinois and will become effective upon filing there.

If the Panel transfers the case as expected, the stay shall remain in effect. If, however, there is no transfer, or, upon remand following transfer, this stay shall expire 30 days following the Panel order terminating the transfer proceedings or remanding the case. This stipulation may be signed by the parties in counterpart.

IT IS SO STIPULATED.

Dated: June 20, 2008

ATTORNEYS FOR PLAINTIFF

BY: /s/ Paulina do Amaral

Steven E. Fineman
Paulina do Amaral
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 100 17-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
E-mail: sfineman(@lchb.com;
pdoamaral@lchb.com;

Robert J. Weltchek
1829 Reisterstown Road, Suite 100
Baltimore, MD 21208
Phone: (410) 653-3700
E-mail: rweltchek@litigationteam.com

STIPULATION TO STAY PROCEEDINGS
CASE NO. AW 08-1280

2

| | |
|---|---|
| 1 | Elizabeth J. Cabraser |
| 2 | Heather A. Foster |
|   | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 3 | 275 Battery Street, 30th Floor |
| 4 | San Francisco, CA 94111-3339 |
|   | Telephone: (415) 956-1000 |
| 5 | Facsimile: (415) 956-1008 |
|   | E-mail: ecabraser@lchb.com, |
| 6 | hfoster@lchb.com |

Lexi J. Hazam
LIEFF GLOBAL, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone: (415) 788-8000
Facsimile: (415) 788-8002
E-mail: lhazam@lieffglobal.com

Attorneys for Plaintiff
JAMES LANDMESSER, JR.

IT IS SO STIPULATED.

Dated: June 25, 2008

GEOFFREY SMITH, PLLC

BY: _____
Katharine S. O'Hara (Federal Bar No. 28721)
Geoffrey R. W. Smith
GEOFFREY SMITH PLLC
1350 I Street, NW Ste 900
Washington, DC 20005
Telephone: (202) 625-1224
Facsimile: (202) 333-1637
Email: katieatgrwslaw@aol.com;
grwslawyer@aol.com

Philip S. Beck
Lindley J. Brenza

STIPULATION TO STAY PROCEEDINGS
CASE NO. AW 08-1280

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Kaspar J. Stoffelmayr
Carolyn J. Frantz
BARTLIT BECK HERMAN PALENCHAR
 & SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Telephone:  (312) 494-4411
Facsimile:   (312) 494-4440
Email: philip.beck@bartlit-beck.com;
lindley.brenza@bartlit-beck.com;
kaspar.stoffelmayr@bartlit-beck.com;
carolyn.frantz@bartlit-beck.com

Attorneys for Defendant,
BAYER CORPORATION

IT IS SO STIPULATED.

Dated: June 25th, 2008            **KNAPP PETERSEN & CLARKE**

23
24
25
26
27

STIPULATION TO STAY PROCEEDINGS
CASE NO. AW 08-1280

4

28

```
                                    BY: /s/ Kevin Stack (by permission)
                                        Kevin J. Stack
                                        KNAPP PETERSEN & CLARKE
                                        500 North Brand Blvd., 20th Floor
                                        Glendale, CA 91203-1904
                                        Telephone: (818) 547-5000
                                        Facsimile: (818) 547-5329
                                        Email: kjs@kpclegal.com

                                        Attorneys for Defendant,
                                        ALPHA THERAPEUTIC CORPORATION
```

IT IS SO STIPULATED.

Dated: June 25th, 2008                  **DECHERT LLP**

                                        BY: /s/ Rich Berkman (by permission)
                                            Rick Berkman
                                            DECHERT LLP
                                            Cira Center
                                            2929 Arch Street
                                            Philadelphia, PA 19104-2857
                                            Telephone: (215) 994-4000
                                            Facsimile: (215) 655-2684
                                            Email: rberkman@dechert.com

                                            Attorneys for Defendant,
                                            BAXTER HEALTHCARE CORPORATION

IT IS SO STIPULATED.

Dated: June ___, 2008                   **SIDLEY AUSTIN LLP**

                                        BY: /s/ Sara Gourley (by permission)

STIPULATION TO STAY PROCEEDINGS
CASE NO. AW 08-1280

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Sara Gourley
        SIDLEY AUSTIN LLP
        One South Dearborn
        Chicago, Illinois  60603
        Telephone:  (312) 853-7000
        Facsimile:  (312) 853-7036
        Email: sgourley@sidley.com

        Attorneys for Defendant,
        ARMOUR PHARMACEUTICAL COMPANY

All proceedings in the District of Maryland shall be stayed until the Judicial Panel on Multidistrict Litigation completes the process currently in progress for transferring this case to MDL-986. If the Panel orders transfer, the stay shall remain in effect. If there is no transfer, or upon remand following transfer, this stay shall expire 30 days following the Panel order terminating the transfer proceedings or remanding the case.

IT IS SO ORDERED,

Dated _____, 2008        BY: _____
                                                   Hon. Alexander Williams, Jr.

**STIPULATION TO STAY PROCEEDINGS**
CASE NO. AW 08-1280

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

June 10, 2008

TO INVOLVED COUNSEL

Re: MDL No. 986 -- IN RE: "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation

(See Attached CTO-104)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** __June 25, 2008__ (12 noon EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By
Mecca S. Thompson
Docket Specialist

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 10 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE "FACTOR VIII OR IX CONCENTRATE BLOOD
PRODUCTS" PRODUCTS LIABILITY LITIGATION

James Landmesser, Jr. v. Bayer Corp., et al.,  )
    D. Maryland, C.A. No. 8:08-1280              )        MDL No. 986

## CONDITIONAL TRANSFER ORDER (CTO-104)

On December 7, 1993, the Panel transferred 27 civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 853 F.Supp. 454 (J.P.M.L. 1993). Since that time, 264 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable John F. Grady.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Grady.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 7, 1993, and, with the consent of that court, assigned to the Honorable John F. Grady.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

RULE 5.2:     SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

IN RE "FACTOR VIII OR IX CONCENTRATE BLOOD
PRODUCTS" PRODUCTS LIABILITY LITIGATION                MDL No. 986

## INVOLVED COUNSEL LIST (CTO-104)

Richard L. Berkman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

Sara J. Gourley
SIDLEY AUSTIN LLP
One South Dearborn Street
Bank One Plaza
Chicago, IL 60603

Geoffrey R.W. Smith
GEOFFREY R W SMITH LAW OFFICES
1350 I Street, N.W.
Suite 900
Washington, DC 20005

Kevin Stack
KNAPP PETERSON & CLARKE
500 North Brand Boulevard
20th Floor
Glendale, CA 91203-1904

John J. Uustal
KELLEY UUSTAL
700 S.E. 3rd Avenue
Suite 300
Ft. Lauderdale, FL 33316

Robert J. Weltchek
SNYDER WELTCHEK & SNYDER
1829 Reisterstown Road
Suite 100
Baltimore, MD 21208

Paulina do Amaral
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
780 Third Avenue
48th Floor
New York, NY 10017-2024